IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. CARPENTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-3470-CV-S-RED |
| ) | Crim No. 05-3011-02-CR-S-RED |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Now before the Court is William D. Carpenter's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 1). For the following reasons, the Court finds the Motion is due to be **DENIED**.

### A. Factual and Procedural History

On January 20, 2005, a federal grand jury returned a four-count indictment charging William D. Carpenter ("Carpenter") with conspiracy to distribute in excess of 500 grams of methamphetamine (Count One), possession with the intent to distribute in excess of 5 grams of methamphetamine(Count Three), and possession with the intent to distribute in excess of 50 grams of methamphetamine (Count Four). Carpenter subsequently pled guilty to Counts One, Three, and Four. Carpenter was sentenced on August 18, 2006, to concurrent terms of 210 months of custody with five years' supervised release. Carpenter filed an appeal with the Eighth Circuit Court of Appeals challenging the denial of a offense level reduction for a mitigating role pursuant to United States Sentencing Guidelines § 3B1.2. The Eighth Circuit affirmed his sentence. *United States v. Carpenter*, 487 F.3d 623, 626 (8th Cir. 2007).

Carpenter now petitions this Court under 28 U.S.C. § 2255 for post-conviction relief. He

states three grounds for vacating his sentence. First, Carpenter argues the Court treated the Sentencing Guidelines as mandatory when fashioning his sentence, rendering his sentence unconstitutional. Carpenter also alleges his counsel was ineffective for failing to object to the characterization of his prior DUI offenses as felonies rather than misdemeanors. Finally, Carpenter argues a new amendment to the United States Sentencing Guidelines retroactively applies to reduce his criminal history category.

### B. Analysis

Carpenter's claims regarding the mandatory application of the Sentencing Guidelines and the miscalculation of his criminal history category were not raised on direct appeal. Typically, claims that were not raised on direct appeal cannot be properly brought under § 2255. *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). However, "relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992)). One method by which Carpenter could show default and resulting prejudice is by raising an independent ineffective counsel argument, as he has done here. *See Perales*, 212 F.3d at 1111.

To establish an ineffective assistance of counsel claim, Carpenter must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). The Court presumes counsel's conduct falls within the range of reasonable professional conduct. *Id.* at 688-89. To satisfy a showing of deficiency, a defendant must show that counsel failed to exercise the skills and diligence a reasonably competent

2

attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a defendant must show that there is a reasonable probability, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *See id.* As discussed above, because "resulting prejudice" must be shown in order to obtain relief under § 2255, the Court need not address the issue of reasonableness if Carpenter cannot prove actual prejudice. *See id.* The failure to advance a meritless argument cannot constitute ineffective assistance. *Carpenter v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Here, Carpenter has failed to establish there is a reasonable probability that the outcome of his case would have been different but for his counsel's ineffectiveness. Carpenter's argument that his counsel was ineffective for failing to object to the characterization of his prior DUI offenses as felonies is without merit. Under § 4A1.1, criminal history points are assessed on the basis of length of sentence and not the designation of the offense as a felony or misdemeanor. Because Carpenter's prior offenses involved sentences exceeding one year and one month, each of these convictions justified the assessment of three criminal history points. Counsel's failure for raising this baseless argument cannot constitute ineffective assistance.

Because Carpenter is unable to show there is a reasonable probability that, but for his counsel's alleged shortcomings, the outcome of his case would have been different, he has failed to demonstrate ineffective assistance of counsel. Consequently, Carpenter is barred from using § 2255 to raise the arguments that (1) his sentence is unconstitutional due to the Court's alleged mandatory application of the Sentencing Guidelines, and (2) a recent amendment to the United States Sentencing Guidelines warrants a recalculation of his criminal history category. The Court would

3

note, however, that even if Carpenter were allowed to raise the argument regarding the mandatory application of the Sentencing Guidelines, there is nothing in the sentencing transcript to support the assertion that the Court viewed the Sentencing Guidelines as anything but advisory. In addition, any argument regarding the recalculation of his criminal history category pursuant to recent Sentencing Guidelines amendments is meritless because the amended language affected provisions that did not factor in to the assessment of his criminal history points.

### C. Conclusion

For the foregoing reasons, William D. Carpenter's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 1) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATE: April 24, 2008          */s/ Richard E. Dorr*
                              RICHARD E. DORR, JUDGE
                              UNITED STATES DISTRICT COURT